IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FARRAKHAN BEY (SYMBOL) #153770 :

    Plaintiff :

    v. : Civil No. L-09-2181

MARY J. WILLIAM, et al. :

    Defendants :

**MEMORANDUM**

This is an action requesting injunctive relief. The Plaintiff, Farrakhan Bey ("Bey"), is a Maryland Division of Correction ("DOC") inmate. In his Complaint, Bey moves to restrain State authorities from taking monies from his prison account to satisfy federal court filing fees. Defendants, Warden Bobby P. Shearin and Fiscal Account Clerk Manager Mary Jo Williams, by counsel, have filed a motion to dismiss, which Bey opposes. The dispute can be adjudicated without a hearing. See Local Rule 105.6 (D. Md. 2009).

**I. Standard of Review**

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to prove the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corporation v. Twombley, 550 U.S. 544, 554, 127 S.Ct. 1955, 1964-65 (2007). "[S]omething beyond the mere possibility of loss causation must be alleged, lest a plaintiff with a 'largely groundless claim' be allowed to 'take up the time of a number of other people...'" Id. at 557-558 (quoting Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336 (2005). "[T]hreadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." Ashcroft v. Iqbal, --- U.S. ---, ---, 129 S.Ct. 1937, 1949 (2009). In

deciding a motion to dismiss pursuant to Rule 12(b)(6), a court must "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). However, "because the court is testing the legal sufficiency of the claims, the court is not bound by plaintiff's legal conclusions." Takacs v. Fiore, 473 F.Supp.2d 647, 651 (D. Md. 2007). In the instant case, Defendants provide affidavits and other documents, thus converting their motion to dismiss to one for summary judgment.

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also

abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc., 840 F.2d 236, 240 (4th Cir. 1988).

The Prison Litigation Reform Act, 28 U.S.C. § 1915, requires district courts to review complaints filed by prisoners against government entities, officers, or employees, and dismiss those complaints or portions of complaints that are frivolous, malicious, or fail to state a claim upon which relief may be granted. See 28 U.S.C. 1915(A)(a) and (b)(1). Further, the PLRA requires a prisoner to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

## II.    Analysis

Bey seeks to have an accounting as to the amount of monies owed for federal court filing fees. Defendants contend that Bey has failed to exhaust administrative remedies before bringing this action. They indicate he filed one administrative remedy request concerning his account in

2007, but cannot provide a copy of the remedy request or the reason it was dismissed as it is archived. Paper No. 18, Exhibits 2 and 3. Without examining the documents, the Court is unable to assess whether Bey actually attempted to exhaust administrative remedies or whether actions by prison personnel hindered such efforts. For that reason, the Court will not dismiss Bey's action for failure to exhaust administrative remedies.

Defendants also argue that any accounting mistake that resulted in the loss of Bey's property (his money) does not amount to a constitutional injury. It is true that property loss in the prison context generally does not support a claim under the civil rights statute, provided an adequate post-deprivation remedy exists. See Parratt v. Taylor, 451 U. S. 527, 542-44 (1981), overruled on other grounds, Daniels v. Williams, 474 U. S. 327 (1986); see also Juncker v. Tinney, 549 F. Supp. 574, 579 (D. Md. 1982).[1] Here, however, the alleged "taking" occured pursuant to federal statute, and thus requires federal court review.

Title 28 § 1915(b)(1) explains the manner in which the initial filing fee is calculated and provides:

> [I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of -
> (A) the average monthly deposits to prisoner's accounts; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately proceeding the filing of the complaint or notice of appeal.

Section 1915(b)(2) sets forth the subsequent payments of the remainder of the filing fee after payment of the initial filing fee and provides:

---

[1] Although Juncker dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given Juncker's reliance on Parratt in dismissing the plaintiff's due process claim.

4

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the proceedings month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the account exceeds $10 until the filing fees are paid.

In her affidavit, NBCI Fiscal Accounts Clerk Manager Mary Jo Williams avers that she conducts the following process when assessing request for filing fees from a court:

> a. The court order for the fee authorized to be paid to the court, on the inmate's behalf, is researched;
> b. The court order is assessed for initial and full filing fees;
> c. The initial filing fee is manually deducted from the inmate's account, if one is due;
> d. The full assessment code is manually inputted into the Maryland Inmate Banking System;
> e. On the last Friday of each month, Division of Correction ("DOC") headquarters researches the accounting database for inmates housed at NBCI that have allotted funds available based on federal regulation;
> f. A federal filing fee payment report is generated from DOC headquarters indicating the inmates that have filing fees due and that have funds available for the reporting period;
> g. A voucher and receipt is written for the payment that is due, based on the DOC federal filing fee payment report;
> h. A receipt is forwarded to the inmate; and
> i. A report and check is sent to the particular court.

Paper No. 18, Exhibit 1, Declaration of NBCI Fiscal Accounts Clerk Manager Mary Jo Williams, with attachment, at ¶ 4. Defendants have audited Bey's account, which shows that between 2001 and the present, Bey has filed seven civil actions with the federal courts, totaling $2155.00 in filing fees.[2] Paper No. 18, Exhibit 1 at 4. As provided pursuant to § 1915(b)(2), twenty percent of the previous month's income has been deducted from Bey's account only

---

[2] Examination of the court's electronic docketing system confirms that fees were assessed in <u>Bey v. Conroy, et al.</u>, Civil Action No. L-01-2655, <u>Bey v. Smith</u>, Civil Action No. L-03-889, <u>Bey v. Warden</u>, Civil Action No. L-07-22, <u>Bey v. O'Malley, et al.</u>, Civil Action No. L-07-3253, <u>Bey v. O'Malley, et al.</u>, Civil Action No. L-08-1110, and <u>Bey v. Galley, et al.</u>, Civil Action No. L-08-1587 (where both district court and appellate court filing fees were assessed). Given that the instant action concerns proper payment of filing fees, a fee was not assessed here. As Bey is obviously unable to pay, this deficiency shall not be corrected here.

when his balance exceeded ten dollars. Id. at 3-4. His balance for civil action filing fees to the federal courts is $2005.54, which reflects initial filing fees in the amount of $8.66 and monthly filing fees of $140.80. Id.

The PLRA's filing fee requirements do not run afoul of the Constitution's Fifth Amendment due process provisions. See Hampton v. Hobbs, 106 F.3d 1281, 1286 (6th Cir. 1997); Mitchell v. Farcass, 112 F.3d 1483, 1487 (11th Cir. 1997). The PLRA does not mandate the procedure prisons are to follow in determining how monthly fee payments are to be computed where, as here, a prisoner has been assessed fee payment in more than one lawsuit. Maryland's procedure, however, appears to be a good model for such determination, in that it does not impermissibly chill a prisoner's constitutional right to seek redress in the courts by rendering him or her utterly destitute. Nothing is amiss with regard to litigation fees assessed against Bey, and Defendants in no way have run afoul of the fee provisions imposed under the PLRA.

In his opposition, Bey additionally complains that the State is attempting to obtain payment from him for State court actions and reimbursement to the State Office of the Public Defender. This Court has no authority to compel State corrections officials to ignore Bey's fee obligations to the State Office of the Public Defender and State courts, or interfere with the State's attempt to obtain payment for these obligations by withholding State tax refunds.

**III.   Conclusion**

For the foregoing reasons, the Court will, by separate Order:

(i)   CONSTRUE Defendants' dispositive motion as a Motion for Summary Judgment;

(ii)   GRANT Defendants' dispositive motion;

6

(ii) DENY Bey's request for injunctive relief;

(iii) DIRECT the Clerk to CLOSE this case; and

(iv) DIRECT the Clerk to Mail a copy of the Memorandum and Order to Bey and to counsel of record.

Dated this 29th day of April 2010.

/s/
_____
Benson Everett Legg
United States District Judge